UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
SHANE THOMAS
fdba TASTY CDS, fdba TASTY TRENDS,
fdba SPUN OUT

CHAPTER 13

CASE NO:. 1-06-bk-00493MDF

**MEMORANDUM OPINION**

The matter before the Court is the Motion of Shane Thomas ("Debtor") requesting the Court to reconsider its May 4, 2006 Order dismissing his Chapter 13 case. Debtor's case was dismissed after he failed to file a Statement of Current Monthly Income and Disposable Income Calculation (Chapter 13) ("Form B22C") and a certification that he had obtained pre-petition credit counseling as required by 11 U.S.C. § 109(h)(1). Debtor asserts that because his debts primarily are business related rather than consumer debts, he is not required to file either document. After considering Debtor's arguments, the documents filed in the case, the relevant provisions of the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 23 (April 20, 2005) ("BAPCPA") and the Interim Rules adopted by this Court for the District at Misc. Order 5-05-mp-50006, the Order dismissing the case is affirmed.[1] I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A)

---

[1] I take judicial notice of the documents filed in Debtor's case including statements made by Debtor in documents filed on his behalf. *See Nantucket Investors, II v. California Fed. Bank (In re Indian Palms Associates, Ltd.)*, 61 F.3d 197, 205 (3d Cir. 1995) ("the filing of documents in the case record provides competent evidence of certain facts – that a specific document was filed, that a party took a certain position, that certain judicial findings, allegations, or admissions were made").

1

and (J).[2]

## Background

On March 24, 2006, Debtor filed Official Form B1 (the "Petition") commencing his chapter 13 case. Although not docketed, Debtor sent a letter to the Clerk stating that the case was a business filing and not an individual consumer case. Debtor filed all of the documents required under 11 U.S.C. § 521 and the Federal Rules of Bankruptcy Procedure, Rule 1007 and 3015, except Form B22C and a certification of credit counseling. The second page of the Petition requires a debtor to certify either that the petitioner has received budget and credit counseling during the 180-day period preceding the filing of the petition or that the petitioner is requesting a waiver of the requirement based on exigent circumstances. Debtor did not certify that either alternative was applicable.

In response to the filing of the petition, the Clerk of the Bankruptcy Court issued a Notice of Incomplete and/or Deficient Filing (the "Notice") stating that Form B22C was due and must be filed within fifteen days. Apparently due to an oversight in the Clerk's office, the Notice did not indicate that the credit counseling certification also had not been filed. Debtor responded to the Notice by filing a Motion to Strike Notice of Incomplete and/or Deficient Filing ("Motion to Strike"). In the Motion to Strike, Debtor asserts that means testing and the credit counseling prerequisite apply only in consumer cases. Debtor specifically argues that Interim Rule 1007(b)(6), which requires all chapter 13 debtors to file the appropriate means testing form, is inconsistent with 11 U.S.C. § 707(b) and that the statutory provision should prevail over a

---

[2]This Memorandum Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052, which is applicable to contested matters pursuant to FRBP 9014.

2

conflicting rule. Debtor cites the exemption from means testing afforded to chapter 7 debtors with primarily business debts and argues that chapter 13 business debtors should receive similar treatment. An order was entered on May 4, 2006 denying the Motion to Strike and dismissing the case for failure to file the credit counseling certification and Form B22C.

On May 10, 2006, Debtor filed a motion requesting the Court to reconsider the order dismissing his case. Argument was held on June 7, 2006, and the Court agreed to reconsider the Order. In the meantime, Debtor filed a certificate of credit counseling stating that Debtor obtained the required counseling on May 29, 2006.

## Discussion

*a. Motion for Reconsideration*

A motion for reconsideration constitutes a motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure. *Prudential Ins. Co. v. Farley (In re Farley)*, 158 B.R. 48, 52 (E.D.Pa.1993). Bankruptcy Rule 9023 provides that "Rule 59 [of the Federal Rules of Civil Procedure] applies in cases under the Code, except as provided in Rule 3008." Fed. R. Bankr.P. 9023. A motion for reconsideration is governed by subsection (e) of Fed. R. Civ. Pro 59(e), which authorizes a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.,* 817 F.Supp. 538, 541 (M.D.Pa.1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the

3

need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (quoting *Abu-Jamal v. Horn*, 2001 U.S. Dist. LEXIS 20813, No. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. Dec.18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F.Supp. at 541. Debtor seeks reconsideration stating that the Court erred in dismissing his chapter 13 petition because he is not required to comply with provisions of the Code and Rules applicable only to debtors whose debts primarily are consumer debts as defined in 11 U.S.C. § 101(8). Since Debtor's motion raises issues of statutory interpretation under BAPCPA not previously addressed by the Court, reconsideration of the Order is appropriate.

   b. *Means testing in chapter 13 cases*

The Bankruptcy Code provides that if the trustee or an unsecured claimant objects to a chapter 13 plan, a bankruptcy court may not approve the plan unless the claim is paid in full or the plan provides that "all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. § 1325(b)(1). To assess whether a debtor is committing all projected disposable income during the

4

Case 1:06-bk-00493-MDF    Doc 24    Filed 06/22/06    Entered 06/23/06 14:34:40    Desc
Main Document      Page 4 of 11

proposed term of the plan, the bankruptcy court first must calculate a debtor's disposable income. "Disposable income" is "current monthly income," as defined at 11 U.S.C. § 101(10A), minus certain exempted payments, less "amounts reasonably necessary" for support of the debtor or his dependents and certain charitable contributions. 11 U.S.C. § 1325(b)(2). For purposes of determining disposable income for a debtor with family income above the applicable state median, reasonably necessary expenses are calculated using the means test set forth in § 707(b)(2)(A) and (B). 11 U.S.C. § 1325(b)(3). The language of the statute limits the applicability of § 707(b) to the provisions in paragraph (2) and only for the purpose of calculating a debtor's reasonable expenditures. In chapter 7 cases, § 707(b) applies only to debtors whose debts are primarily consumer debts because of the limitation set forth in § 707(b)(1).

Debtor argues that since means testing under § 707(b)(1) applies only to consumer debtors in a chapter 7 case, the means test should be applied similarly in chapter 13. Debtor's argument, however, ignores the clear, unambiguous language of the statute. Section 707(b)(1) and its limitation to consumer debtors is inapplicable to chapter 13 cases. The only provision in § 707(b) incorporated into § 1325(b)(3) is the means test in § 707(b)(2)(A) and (B), which makes no reference to consumer debtors. Debtor's interpretation of the statute runs afoul of the plain meaning of § 1325(b)(3) and conflicts with the § 1325(b)(2)(B), which specifically provides that business expenses may be deducted when calculating disposable income.

In support of his argument, Debtor cites to *In re Moates*, 338 B.R. 716 (Bankr. N.D. Tex. 2006), in which the bankruptcy court found that an individual debtor, whose debts were not primarily consumer debts, was not required to submit a Statement of Current Monthly Income

and Disposable Income Calculation (Chapter 7)[3]. The holding of *Moates*, however, is inapposite since it addresses means testing in the chapter 7 context, which only applies to consumer debtors. Debtor also argues more broadly that the changes to the Bankruptcy Code enacted through BAPCPA were not intended to apply to business debtors but only in consumer cases. I am not convinced that Congress intended the means test to be limited to chapter 13 consumer debtors, but even if I agreed with Debtor, I must "presume that [Congress] says in a statute what it means and means what it says." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 254, 112 S. Ct. 1146 (1992). If Congress did not intend for the means test to be applied to chapter 13 business debtors, then it is up to Congress to amend the Code. "It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think . . . is the preferred result." *Lamie v. U.S. Trustee*, 540 U.S. 526, 542, 124 S.Ct. 1023, 1134 (2004) *quoting United States v. Granderson*, 511 U.S. 39, 68, 114 S.Ct. 1259 (1994).

Debtor found Interim Rule 1007(b)(6)[4] to be inconsistent with the provisions of § 707(b) because he did not understand that only § 707(b)(2)(A)(and (B) applies in chapter 13 cases. Interim Rule 1007(b)(6) provides that:

> A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the debtor has current monthly income greater than the median family income for the applicable state and family size, a calculation of disposable income in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form.

---

[3]The parallel Official Form for chapter 7 cases is referred to as Form B22A.

[4]The Advisory Committee on Bankruptcy Rules has issued Interim Bankruptcy Rules designed to implement the changes made by BAPCPA to the Bankruptcy Code. The Interim Rules have been adopted by this Court and will apply until the Federal Rules of Bankruptcy Procedure are amended.

L.B.R. 1007(b)(6). A comparison of Rule 1007(b)(6) to Interim Rule 1007(b)(4) is instructive. Interim Rule 1007(b)(4) requires "an individual in a chapter 7 case with primarily consumer debts" to file a statement of current monthly income and, if the debtor's income is above the median, the calculations under 707(b)(the means test). In contrast, Rule 1007(b)(6) refers only to the obligation of a "debtor" to file certain documents. The Interim Rules are consistent with the discrete requirements imposed by the statute on chapter 13 debtors when compared to chapter 7 debtors. Means testing is limited to individual, consumer debtors in chapter 7, but extends to all debtors in chapter 13. Therefore, dismissal of the case was appropriate when Debtor failed to file Form B22C within the time limits set forth in Interim Rule 1007(c) after receiving notice of the deficiency.

   c. *Applicability of credit counseling to debtor with primarily business debts.*

  Although dismissal of the case was warranted for failing to file Form B22C, if this were the only grounds for dismissal the Court would permit reinstatement of the case, if Debtor filed the required form. However, Debtor also failed to obtain pre-petition credit counseling as mandated by 11 U.S.C. § 109(h). Section 109(h) provides, in pertinent part:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of the filing of the petition . . . received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. . . .

11 U.S.C. § 109(h)(1). To be eligible to file a petition, an individual debtor must file a credit counseling certification and a copy of the debt repayment plan, if any, with the petition. L.B.R. 1007(b)(3) and (c). If a debtor alleges exigent circumstances prevented him from obtaining pre-petition counseling, a bankruptcy court may grant an extension of up to thirty days to meet the

7

requirement, with the opportunity for an additional fifteen-day extension. 11 U.S.C. § 109(h)(3). A debtor who is disabled or on active military duty may be granted an exemption from the credit counseling prerequisite. 11 U.S.C. § 109(h)(4). There is no provision in § 109, or in any other section of the Bankruptcy Code, however, exempting individual, *business* debtors from this requirement. I must assume that if Congress intended to limit credit counseling to consumer debtors, it would have provided so explicitly.

Debtor filed a certificate of credit counseling on May 30, 2006 which stated that the counseling session was conducted on May 29, 2006, more than two months after the petition was filed and not until after the case was dismissed. Obviously, the counseling was not obtained within the 180-day period preceding the filing of the petition as required by § 109(h). Debtor argues that if the Court determines that a business debtor is subject to § 109(h), his petition should be stricken, rather than dismissed. Therefore, Debtor asserts, the Court should reinstate the case and strike the petition since the case was not properly commenced. As Debtor correctly notes, striking the petition will enable Debtor to file a new petition without invoking the automatic stay limitations of § 362(c)(3).[5]

Even if I assume that striking the petition will be more beneficial to Debtor, I must determine the appropriate course of action by considering other factors as well. The bankruptcy courts are split on the issue of whether a petition filed without the required pre-petition counseling should be dismissed or stricken. A minority of courts have held that a petition by an

---

[5]Section 362(c)(3) provides that if a debtor had a case pending within the prior year, unless it was dismissed under § 707(b) and is being filed under another chapter, the automatic stay terminates thirty days after the petition is filed unless the debtor demonstrates the new case is filed in good faith.

ineligible debtor must be stricken because the filing is void *ab initio*. *See In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005); *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005); *In re Valdez*, 335 B.R. 801 (Bankr. S.D. Fla 2005). The court in *Hubbard* observed that under 11 U.S.C. § 301, a case is commenced by the filing of a petition under such chapter "by an entity that may be a debtor under such chapter." Since a debtor who has not obtained the required credit counseling is not eligible to be a debtor, filing the petition is a nullity and no case is commenced. *Id.* In *Rios,* the bankruptcy court agreed with *Hubbard* and supplemented its analysis with a review of the legislative history of the credit counseling requirement. The *Rios* court reasoned that since dismissal of the case would limit debtor protections, an unintended consequence of the credit counseling requirement, the petition should be stricken rather than dismissed. *In re Rios*, 336 B.R. at 179-80.

The majority of bankruptcy courts, however, have determined that dismissal is the appropriate course of action. *In re Racette*, No. 06-21398, 2006 WL 1389839 (Bankr. W.D. Wis, May 17, 2006); *In re Seaman*, 340 B.R. 698 (Bankr. E.D.N.Y. 2006); *In re Tomco*, 339 B.R. 145 (Bankr. W.D. Pa. 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006).[6] "[E]ligibility under § 109 in general and under § 109(h) in particular is not jurisdictional and . . . , therefore, the filing of a petition by a debtor ineligible to do so nevertheless commences a bankruptcy case that is neither a 'nullity' nor void *ab initio.*" *In re Ross*, 338 B.R. at 136. The determination that

---

[6]Judge Elizabeth Stong noted in the *Seaman* decision issued in March 2006 that thirty-four decisions had addressed the appropriate remedy to impose when a debtor was ineligible to file under § 109(h). Of those thirty-four cases, thirty-one were dismissed. *In re Seaman*, 340 B.R. at 706, fn. 3 (citing cases).

9

§ 109(h) is not jurisdictional is in accord with decisions addressing both chapter 12 and chapter 13 cases in which debtors were not eligible to be debtors under § 301. *FDIC v. Wenberg (In re Wenberg)*, 94 B.R. 631 (BAP 9th Cir. 1988) (§ 109(e) not jurisdictional; ineligible chapter 13 debtor's case may be converted to chapter 7); *Promenade Nat'l Bank v. Phillips (In re Phillips)*, 844 F.2d 230 (5th Cir. 1988) (debtor ineligibility under § 109(g) does not raise jurisdictional issue). *See Collier on Bankruptcy,* 15th Edition Revised, ¶109.01[2]. The position that the filing of a petition by an ineligible debtor is not void is supported by principles of statutory construction as well. Section 362(b)(21) provides that the stay does not apply to the enforcement of a mortgage lien if the debtor is ineligible to be a debtor under § 109(g). This provision would be inoperative and superfluous if the stay otherwise did not arise upon the filing of the petition. If § 109 were jurisdictional, the stay would never apply if a debtor was ineligible under § 109(g). "[A] statute 'should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.'" *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28, 31 (3d Cir. 1995) *quoting* 2A Norman J. Singer, *Sutherland, Statutes and Statutory Construction*, § 46.06, at 119-20 (5th ed. 1992).

Although courts which favor striking the petition cite public policy concerns and the negative impact on debtors when they seek to refile, bankruptcy courts that have found dismissal to be the appropriate course of action note the confusion that could result when a case is stricken. "In every instance, creditors would be required to investigate whether the debtors obtained appropriate pre-petition briefings. . . .If no certificate appears on the docket, the creditor could assume that the petition was a nullity and proceed with foreclosure or repossession." *In re*

10

Case 1:06-bk-00493-MDF    Doc 24    Filed 06/22/06    Entered 06/23/06 14:34:40    Desc
Main Document      Page 10 of 11

*Racette*, 2006 WL 1389839 at *3. In some cases, debtors may have obtained the counseling pre-petition, but were unable to secure the certificate before the petition was filed or simply neglected to file the certificate with the petition. This Court permits a debtor to file the pre-petition credit counseling certification within seven days of the date of the deficiency notice. These procedures would be meaningless if creditors could assume that a petition filed without a credit counseling certification was a nullity and that the automatic stay was not in effect. As the court observed in *Ross*, treating the case as "void *ab initio* keeps the case from counting as a prior pending case for purposes of § 362(c)'s limitations on stays in successive cases. But such 'protection' will be a pyrrhic victory if, in the meantime, a creditor has completed a repossession or foreclosure because of the absence of a stay in the void case." *In re Seaman*, 340 B.R. at 709 (quoting *In re Ross*, 338 B.R. at 139). Ultimately, the effects of this uncertainty would benefit neither debtors nor creditors

## **Conclusion**

For the reasons set forth above, the Court concludes that as a business chapter 13 debtor, Shane Thomas was required to file Form B22C and that the case was properly dismissed for failure to file the documents required under § 521 pursuant to § 1307(c)(10). Further, Debtor was ineligible to file a petition for relief under chapter 13 for failing to obtain pre-petition credit counseling as required by § 109(h). Dismissal of the case is affirmed.

BY THE COURT,

Mary D. France
Bankruptcy Judge

Date: June 22, 2006

*This document is electronically signed and filed on the same date.*

11